The House committee on Elections, to whom was referred the petition of James D. Doherty for a recount of votes in the seventh Suffolk district cast at the special election held Feb. 3, 1891, and that he may be declared to be the representative from that district, respectfully submit the following report: —
The committee gave four hearings to the parties interested. Both parties were represented by counsel. At the suggestion of your committee the House requested the opinion of the Attorney-General as to the rules of law which should govern the committee in passing upon the evidence submitted to them at the hearings. The questions of the House, with the Attorney-General’s answers thereto, are hereby appended as part of this report.*
On an examination of the ballots your committee find that at said election there were cast 848 ballots, of which 841 should be legally counted ; of these —
Roger Haggerty received 437
James D. Doherty received 402
A. W. Tilton received . 1
F. H. Partridge received 1
There were also cast one blank ballot and six ballots from which the intention of the voter could not be ascertained.
We therefore find that Roger Haggerty is lawfully entitled to his seat as a member of this House from the seventh Suffolk district.
The attention of your committee was specially directed to eighty- *46 nine ballots, no question being raised by either party as to the rest. Of these eighty-nine ballots your committee counted all ballots bearing the name of but a single candidate, whether originally printed on the ballot or printed upon a paster and pasted over the original name, so that but one name was visible for the candidate.
[The report of the committee was accepted. — House Journal* p. 698.]
Your committee counted all ballots on which there appeared two names, one originally printed, and one affixed by paster to the ballot, which contained an X mark opposite the name of a candidate, for that candidate. Your committee did not count ballots containing the names of two candidates, but bearing no X mark against the name of either.
The committee does not find that persons were permitted to cast ballots who were not legally qualified voters in that they were not voters previous to M¿iy 1, 1857, nor disabled by blindness or other physical disability, who, being unable to read or write, were assisted by the election officers, without a proper certificate being endorsed ; nor does the committee find that the election officers, having in their possession behind the rail in the place reserved for voters, stickers or pasters, solicited or requested voters to attach them to their ballots, nor that persons voted upon the names of voters absent from the State at the time of said election. No claim was made that such was the case, except in connection with one vote, and the decision of your committee either way upon this claim would not change the result to which your committee has arrived.
Your committee does not find that parties employed by either candidate were permitted in his behalf to solicit voters, within the space reserved, to cast ballots for either candidate.
It was claimed at the hearings that the election officers permitted the sample ballots posted in the room to be mutilated in the interest of said Haggerty, so that voters were liable to be misled, and were misled thereby. Sample ballots bearing the name of said Doherty and stickers bearing the name of said Haggerty, pasted beneath said Doherty’s name, and also bearing evidence of having been posted somewhere, were shown to the committee. Your committee does not find, however, that the election officers consented, or permitted any person with their knowledge to affix any paster to sample ballots posted in the room, nor was there any evidence that voters were actually misled thereby, nor the election affected. The committee therefore recommend that the petitioner have leave to withdraw.
In this report all members of your committee concur.

 The questions propounded by the House and the answers of the Attorney-General immediately follow this report.